

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 22, 2021

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Melvin Martinez*, 03 Cr. 01492 (JMF)

Dear Judge Furman:

    The Government respectfully submits this letter in opposition to defendant Melvin Martinez's motion for early termination of supervised release. (Dkt. No. 189). Although the defendant has served more than half of his supervised release term without incident and has been fully compliant with the terms of his conditions of supervised release, he identifies no extraordinary circumstances or unforeseen consequences stemming from his supervised release that warrant its early termination. Accordingly, the Court should deny the motion.

## Background

    From January 2002 through November 2002, the defendant and others received large quantities of cocaine from a supplier. (*See* Presentence Investigation Report ("PSR") ¶ 16).[1] Once the defendant's associates received the cocaine, they would "cook" it into cocaine base in the Bronx, New York, and then transport the cocaine base to Utica, New York for sale. (*See id.* at ¶ 17.) The defendant would then sell the cocaine base and other drugs in Utica, New York. (*See id.* at ¶ 18.) As set forth in the PSR, the defendant's "criminal activity involved at least 1.5 kilograms of cocaine base, as well as amounts of heroin and marijuana." (*See id.* at ¶ 20.)

    On or about May 19, 2005, the defendant pleaded guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute 50 grams and more of cocaine base, heroin, and marijuana, in violation of Title 21, United States Code, Sections 812, 841(a), 841(b)(1)(A), and 846. (PSR ¶¶ 3-6). On February 1, 2006, the Honorable Richard Owen imposed a sentence of fifteen years' imprisonment with five years' supervised release. (Dkt. No. 86).

---

[1] The PSR referenced in this motion was prepared on November 8, 2005, prior to the defendant's February 1, 2006 sentencing. A subsequent presentence investigation report was prepared in 2009 in connection with the defendant's resentencing following appeal. (*See* Dkt. No. 116).

The Government understands that the defendant was released from federal custody in or about February 2017 to a halfway house.  Since 2017, the defendant has been supervised by the Probation Office in the Eastern District of Pennsylvania.

The Probation Office reports that the defendant has demonstrated compliance with the conditions of his release during his term of supervision.  He has maintained gainful employment, tested negative for controlled substances, avoided negative contact with law enforcement, and has made himself available for supervision.  Due to the defendant's prior arrests for arson and assault, and consistent with the Probation Office's policy regarding early discharge from supervision for defendants with a history of violence, however, it is the Probation Office's position that the defendant does not qualify for early termination.  Accordingly, the Probation Office is unable to offer support for the defendant's request for early termination.

## <u>Discussion</u>

The Government opposes the defendant's request for early termination.  18 U.S.C. § 3583(e)(1) authorizes the Court to "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."  *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).

However, "[a] defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release."  *United States v. Bouchareb*, 76 F. Supp. 3d 478, 479 (S.D.N.Y. 2014).  That is because "full compliance with the terms of supervised release is what is expected . . . and does not warrant early termination."  *Id.*; *see also United States v. Gonzales*, No. 94-CR-0134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015) ("[F]ull compliance with the terms of supervised release is what is expected of [the defendant] . . . and does not warrant early termination.") (internal quotation marks omitted); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.").

Here, the defendant committed a serious narcotics offense for which he served a significant period of incarceration.  While the defendant's faithful compliance with the terms of his supervised release thus far is commendable, he has not demonstrated any exceptional or changed circumstances that render the remaining period of supervision "either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."  *Lussier*, 104 F.3d at 36. Moreover, the defendant has multiple prior convictions, (*see* PSR at ¶¶ 38-49), which counsel against early termination in the absence of changed circumstances demonstrating that the previously imposed term of supervised release was too harsh.  *See* Guide to Judiciary Policy, Vol.

Page 3

8E, Ch. 3 § 380.l0(b), "Early Termination" (Monograph 109) (rev'd 2010).   As Judge Swain recently held in denying early termination of supervised release:

> While the Court commends [the defendant] for his substantial compliance with the terms of his supervised release, and for making positive contributions to his community, the Court finds that [the defendant] has not identified extraordinary conduct or unforeseen harsh circumstances that warrant early termination of his supervised release.   Even though [the defendant's] post-incarceration conduct is unblemished, this alone cannot be sufficient reason to terminate the supervised release.   After all, full compliance with the terms of supervised release is what is expected of him and all others serving terms of imprisonment and supervised release and does not warrant early termination.

*United States v. Sweat*, No. 16-CR-269 (LTS) (S.D.N.Y. Feb. 4, 2020), ECF No. 9, at 2-3 (internal quotation marks and citations omitted).   The same is true in this case.

Accordingly, the defendant's motion should be denied.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By:

David J. Robles
Assistant United States Attorney
(212) 637-2550

The Court commends Mr. Martinez on his substantial compliance with the terms of supervised release.  Nevertheless, the motion for early termination must be and is denied, substantially for the reasons set forth in the Government's letter.  The Clerk of Court is directed to terminate ECF No. 189 and to mail a copy of this endorsed letter to Mr. Martinez at the following address: 4303 K St. Philadelphia, PA. 19124.

SO ORDERED.

March 15, 2021